[No. 25509. Department One. May 3, 1935.]

JAMES TOBIN et al., Respondents, v. SAM ORINO et al., Appellants.[1]

[1]Reported in 44 P. (2d) 795.

*Don F. Kizer,* for appellants.

*Edge & Wilson* and *M. E. Jesseph,* for respondents.

MAIN, J.—This action was brought to recover damages to a steam shovel and for the loss of the use thereof. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiffs were entitled to prevail. Judgment was entered against the defendants in the sum of $668.25, from which they appeal. Sam Orino will be referred to as though he were the only party appealing.

The respondents, James Tobin and John Tobin, were engaged in the contracting business as copartners under the name of James Tobin & Son. They were the owners of an Erie type B. steam shovel which they had used upon a road contract near Enaville, Idaho. After this contract was finished, the steam shovel was left on a railway right of way near the town mentioned. It was the custom of contractors, when having finished one job, to leave the steam shovel in that locality until another contract could be obtained, when the shovel would be moved directly from one job to the other. This was to avoid unnecessary cost of transportation, which was an expensive operation due to the size and weight of the shovel.

During the latter part of the year 1932, the appellant entered upon a road contract in the same vicinity in which respondents had left their shovel. The steam shovel which the appellant was using became out of repair from time to time, and the appellant, or his agents and employees, without knowledge or consent of the respondents, took from the respondents' shovel

valuable parts to replace either worn or broken parts on the appellant's shovel.

In August, 1933, the respondents secured a road contract near Marcus, in Stevens county, this state, in the performance of which contract a steam shovel, such as they had used on the Idaho contract, was useful and necessary. They sent men to Idaho to move the shovel to the Stevens county job, and, when the men arrived there, as the trial court found, the "same had been stripped of many of its parts and was unfit for use." The respondents were then confronted with the question of whether to attempt to put the shovel in workable condition and move it to Stevens county or rent another shovel for that job.

Upon the question of the time which it would have taken to put the shovel in workable condition, the evidence of the respective parties is widely at variance, the appellant's evidence indicating that it could be done in two or three days, and the respondents' from ten days to as long as two or three weeks, depending to some extent upon the time that it would take to secure the missing parts.

Some time later in the same month, the appellant says that he caused all the parts which had been removed to be returned and placed upon the shovel of the respondents. As to whether all the parts removed had been returned, the evidence is also in dispute.

The respondents decided not to recondition the shovel, but to rent one which was in the immediate vicinity of the job to be performed by them in Stevens county. They procured a shovel, similar to the one that they had in Idaho, from the contracting firm of Lyon & Munro. When they arranged for this shovel, it was thought that they could start operations in two or three days. Approximately ten days elapsed before Lyon & Munro delivered it to the respondents. The re-

spondents had a crew upon the job in Stevens county, which it was necessary for them to keep until they would begin operations, and Lyon & Munro would not allow that crew to use their shovel, but required that their own crew operate it. By reason of this, the cost of the operation of the shovel was fifty cents per hour more than it would have been had it been operated by the crew of the respondents. It was necessary for the respondents to keep their crew on the ground in order that they could pursue the work there to be performed.

The trial court found that the respondents were entitled to $155 by reason of the damage done by the appellant to the shovel they owned; $183.75 for the rental of the other shovel; $185 for expenses incurred for ten days' delay; and $144.50 for extra wages paid to the operators of the rented shovel.

The appellant does not complain of the $155 for the damage to the shovel of the respondents by reason of the removal of the parts, but does object to the other three items. Whether these three items should have been allowed depends upon whether the respondents, in renting a shovel rather than repairing the one which they owned, acted in good faith and in the exercise of ordinary diligence to reduce the amount of the damage. The trial court expressly found that the respondents

" . . . in good faith believed that the same [the shovel] could not be put in condition in time to be of use to them in the contract near Marcus, Washington; that plaintiffs in good faith rented another steam shovel to do said work at Marcus, Washington, to their damage in the sum of $183.75."

In determining whether the respondents acted in good faith and exercised reasonably good judgment in deciding to rent the shovel rather than to rehabilitate the one which they owned, it is necessary to take into consideration the situation which then confronted

them. As already indicated, the testimony of the witnesses as to the time it would take to put the shovel in workable condition was widely at variance. Upon the Stevens county contract, there was a time limitation, with a provision for twenty-five dollars per day penalty if the contract was not performed within the time specified. The respondents were being hurried by their superiors and the engineers under whom they were working, to prosecute the job without delay. At the time they rented the shovel, they thought it would be delivered to them within two or three days, and the delay in such delivery was not due to their fault.

Taking into consideration all the surrounding facts and circumstances, it cannot be said that the respondents, in renting the shovel rather than attempting to put the one which they owned in workable condition, did not act in good faith and in the exercise of reasonable diligence to minimize the damages. They were entitled to damages in the amount which they had sustained by reason of the loss of the use of their steam shovel. *Western Machinery Exchange v. Northern Pacific Ry. Co.*, 142 Wash. 675, 254 Pac. 248; *Jellum v. Grays Harbor Fuel Co.*, 160 Wash. 585, 295 Pac. 939. The respondents having acted in good faith and in the exercise of prudent judgment in renting the shovel, it follows that the items complained of fairly and reasonably followed from the loss of the use thereof.

The case of *Cannon v. Oregon Moline Plow Co.*, 115 Wash. 273, 197 Pac. 39, was upon different facts. In that case, it was held that the plaintiff did not exercise ordinary diligence in an endeavor to minimize his damages, and, if he had, the loss which he sustained would not have occurred.

The judgment will be affirmed.

MILLARD, C. J., BEALS, GERAGHTY, and TOLMAN, JJ., concur.